IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) | |
| Plaintiff, ) ) ) | CIVIL ACTION NO. 04.4170JNE/SRN |
| v. ) ) | COMPLAINT |
| LUBRICATION TECHNOLOGIES, INC. ) ) | Jury Trial Demand |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide

appropriate relief to Julie Eliasen who was adversely affected by such practices.  Specifically,

Defendant discriminated against Eliasen when it failed to promote her because she is a woman.

Defendant's action violated Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), which prohibits

discrimination on the basis of sex.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) ("Title VII").

2.     The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the District of

Minnesota.



SCANNED
SEP 2 2 2004
U.S. DISTRICT COURT MPLS

## PARTIES

3.     The Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Lubrication Technologies, Inc. ("Defendant"), has continuously been a Minnesota corporation doing business in the State of Minnesota and the City of Golden Valley, and has continuously had at least 15 employees.

5.     At all relevant times, Lubrication Technologies, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Eliasen filed a charge with the EEOC alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     At all times relevant, Defendant failed to promote Eliasen because of her sex. In particular, Defendant failed to promote Eliasen to a vacant field sales representative position, and instead hired a man for the job. Defendant's actions were in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), which prohibits discrimination on the basis of sex.

2

8.      The effect of the practices complained of in paragraph 7 above has been to deprive Eliasen of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9.      The unlawful employment practices complained of in paragraph 7 above were intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Eliasen.

<u>PRAYER FOR RELIEF</u>

Wherefore, the EEOC respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex.

B.      Order Defendant to make whole Eliasen by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

C.      Order Defendant to make whole Eliasen by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, in amounts to be determined at trial.

D.      Order Defendant to make whole Eliasen by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional distress in amounts to be determined at trial.

3

E.      Order Defendant to pay Eliasen punitive damages for its malicious and reckless

conduct, complained of in paragraph 7 above, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public

interest.

G.      Award the EEOC its costs of this action.

4

<u>JURY TRIAL DEMAND</u>

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507

Dated: Sept. 16, 2004

JEAN P. KAMP
Regional Attorney

Dated: 9/20/04

TINA BURNSIDE (WI#1026965)
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Minneapolis Area Office
330 South Second Avenue - Suite 430
Minneapolis, MN 55401-2224
(612) 335-4047

5